IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DWAYNE LARCEL BROWN,<br><br>  Petitioner,<br><br>  v.<br><br>ATTORNEY GENERAL FOR THE<br>STATE OF MARYLAND, *et al.*<br><br>  Respondents. | Civil Action No.:  JRR-22-2465 |

**MEMORANDUM OPINION**

Respondents assert in a Limited Answer (ECF No. 5) to the pro se Petitioner Brown's Petition for Writ of Habeas Corpus that the petition is subject to dismissal because it fails to set forth a cognizable basis for relief.  Specifically, Respondents contend that the petition should be dismissed because Petitioner asserts as his sole basis for relief that he is innocent of the charge for which he was sentenced following a guilty plea; a claim of actual innocence is not a cognizable "stand alone" basis for federal habeas relief.  In response to the Limited Answer, Brown clarifies that his petition includes claims of ineffective assistance of counsel and that his plea was not voluntary because his public defender "coerced" him to plead guilty.  ECF No. 7.  The matter has been fully briefed and the court finds no need for a hearing.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the Petition will be dismissed without prejudice and a certificate of appealability shall not issue.

**I.      Background**

By his petition, Brown challenges his guilty plea entered in Baltimore County Circuit Court in connection with a charge of attempted carjacking. Brown entered the guilty plea in a proceeding held on November 12, 2020, in which he was represented by counsel. Maryland's carjacking statute states as follows:

> An individual may not take unauthorized possession or control of a motor vehicle from another individual who actually possesses the motor vehicle, by force or violence, or by putting that individual in fear through intimidation or threat of force or violence.

Md. Code Ann., Crim. Law § 3-405(b)(1). The statute additionally excludes as a possible defense that "the defendant did not intend to permanently deprive the owner or possessor of the motor vehicle." *Id*. § 3-405(f).

The State provided the following statement of facts in support of Brown's carjacking charges:

> [O]n March 25th, 2020 at around 11:00 P.M., officers responded to a Rite Aid on Liberty Road located in Baltimore County, Maryland. They responded in response to a call that a black male wearing a black shirt [was] attempting to car jack somebody in the parking lot. Officers saw an individual identified as this defendant, saw that he was matching the description of the suspect[,] and detained him.
>
> They spoke with the victim who advised that she was [Harietta] Hobmann, she was in the Rite Aid parking lot, [and] she was inside of her vehicle when [Brown] began banging on the locked doors of her vehicle. She said [that Brown] approached her vehicle and pulled on the driver's side door, which was locked. He then was banging on that door. He ran around to the passenger's side. He was able to get inside the car and [Brown] told the victim to start the car and drive off [because, Brown said,] people are chasing him.
>
> The victim did not start the car or drive off. He then began smacking her and pushing her while yelling at her to do this. The victim was yelling and screaming.
>
> There was a witness out in the Rite Aid parking lot who pulled up, asked the victim if she knew [Brown,] and told [Brown] to get out of the car. [Brown] did

2

> not follow that witness's commands. He got out of the car and he then tried to get into the [Rite Aid]. He was then kicking the front glass door of the Rite Aid and he did break that door. He then fled on foot. That was when the officer stopped him. The victim . . . positively identified [Brown] as the individual who attempted to have her drive off and attempted to take her vehicle by force or threat of force.
>
> If called witnesses would identify [Brown] as the responsible party. All of the events did occur in Baltimore County, Maryland.

ECF No. 10-1 at 18-20.

Defense counsel advised the court that, at the time of the offense, Brown had just been released from Northwest Hospital, that he was homeless, had used cocaine, and was fearful that people were chasing after him. Brown was later discovered to be in possession of a vial of cocaine as well as a pipe. Both the presiding judge and defense counsel theorized that Brown was experiencing a paranoid episode due to either a mental health crisis or a reaction to ingestion of illicit drugs. ECF No. 10-1 at 9-10. Given those circumstances, defense counsel asked the court to allow Brown to "essentially earn [a] suspended sentence" by delaying sentencing to allow Brown to return to the residential rehabilitation program he was already in and in which he was doing well. *Id*. at 10-11. The court denied the request, whereupon defense counsel asked to confer privately with Brown. *Id*. at 11. The request was granted, and the court called a brief recess of the proceedings. *Id*.

When Brown and his counsel returned, counsel advised that Brown was willing to plead guilty on the condition that the court would accept the State's proposed cap of four-years of active incarceration, postpone sentencing, and permit the defense to argue for a fully suspended sentence. *Id*. at 12. After defense counsel conducted a voir dire of Brown concerning his guilty plea, the court found that Brown was entering his guilty plea knowingly, voluntarily, and intelligently, with a full understanding of the nature and elements of the offense, as well as the consequences of his

plea. *Id*. at 12-18. Brown was released pending sentencing with the provision that he "continue to reside at, obtain treatment at and complete treatment at the Recovery Center of Maryland." *Id*. at 22. The court also reminded Brown that he was required to "obey all laws and, of course, the rules and regulations of the program as well pending disposition." *Id*.

Sentencing for Brown occurred on October 21, 2021. ECF No. 10-2. Defense counsel advised the court that Brown had done well "for a period of time" in the residential rehabilitation program he had been in at the time of his guilty plea. *Id*. at 5. Because Brown had failed to appear on the original sentencing date (March 2021), a bench warrant was issued. *Id*. at 5-6. Counsel explained that Brown had relapsed and was arrested on a misdemeanor theft charge to which he pled guilty and was held in custody due to the failure to appear warrant. *Id*. at 6. Counsel further advised the court that she had inquired about placement of Brown into another residential treatment program and was advised that he would be accepted into "Psychological Centers Recovery Network Program." *Id*. Based on this information, defense counsel asked the court to allow Brown to go into the program and to suspend the entire term of incarceration. *Id*. at 6-7.

The victim, Harietta Hobmann, testified at the sentencing proceeding. ECF No. 10-2 at 9-12. Ms. Hobmann stated, in relevant part, that:

> Needless to say, it scared the hell out of me and it was very disturbing, very upsetting. But I never – I didn't feel that he wanted to hurt me. He did grab me by the shoulders and try to shake me a little, please, turn the car on, come on, let's go, let's go, get me out of here or whatever. So I didn't really feel – he could have hurt me, but he didn't. I didn't feel that he was demanding or trying to steal the car or, you know, kidnap me or whatever. I think he really genuinely felt his life was in danger and he needed me or wanted me, pleaded with me to get him out of there.
>
> So, I'm here basically not to add to his troubles and make the situation worse. I'm here in hopes that maybe my being here will help him get the help that he needs to get him on track to having a better life.

*Id*. at 12.

The court then sentenced Brown to "fifteen years in the Division of Corrections suspending all but time served." ECF No. 10-2 at 16-17.  A period of three years supervised probation was also imposed.  *Id*. at 17.  Brown was ordered to report immediately to "the Recovery Network Program and to attend and complete treatment there." *Id*., *see also* ECF No. 5-1 at 17-20.

On December 9, 2021, the Maryland Department of Public Safety and Correctional Services issued a report and request for a warrant for Brown's arrest alleging that he had not reported to the Division of Parole and Probation as directed, failed to appear for a November 4, 2021 court date, and on November 29, 2021, was charged with armed robbery and other offenses.  ECF No. 5-1 at 21-23.  The requested warrant was issued on December 13, 2021.  *Id*. at 24-28.

On June 7, 2022, Brown was sentenced to serve concurrent sentences totaling one year by the Circuit Court for Baltimore City after pleading guilty to second degree assault, theft under $1500, and false statement to a peace officer.  *See State of Maryland v. Brown*, Case No. 822126002 and 822126003 (Balt. City Cir. Ct. 2022).[1]  On November 30, 2022, Brown pled guilty to violating his probation in the attempted carjacking case.  *See State of Maryland v. Brown*, Case No. C-03-CR-20-001344 (Balt. Co. Cir. Ct. 2020).[2]  Brown currently has a petition for post-conviction relief pending in his case; a hearing is scheduled to take place in March 2024.  *Id*.

In the instant petition, Brown asserts that he is actually innocent of the attempted carjacking charges and relies on inconsistencies between the police report and the testimony of the victim at sentencing to support the assertion.  ECF No. 1 at 6-7.  Specifically, Brown asserts that the police spoke only to a couple who were in the parking lot at the time of the incident and did not speak to the alleged victim, and therefore arrested him without appropriate basis, as demonstrated by the

---

[1]   Docket available at http://casesearch.courts.state.md.us/casesearch/ (last viewed Jan. 22, 2024).

[2]   Docket available at http://casesearch.courts.state.md.us/casesearch/ (last viewed Jan. 22, 2024).

alleged victim's in-court statement as to her belief regarding Brown's supposed intentions at the time he forcibly entered her car. *Id*. at 14-15. Specifically, Brown asserts that because the alleged victim testified at sentencing that he did not try to take her car, he is actually innocent of attempted carjacking. Brown faults defense counsel for failing to interview both the police officer who Brown contends he had asked to assist him on the day of the incident, as well as the alleged victim. *Id*. at 26-27. He asks for this conviction to be vacated in order to avoid a fundamental miscarriage of justice. *Id*. at 30-31.

## II.      Standard of Review

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S. 415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is

6

contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the § 2254(d)(1) "unreasonable application" analysis, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted). Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have

"resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

### III.    Analysis

As noted, Brown states that his petition raises both a claim of actual innocence and a claim that his trial counsel was ineffective when she failed to interview a witness and the victim and "coerced" him to plead guilty. Petitioners claims have not been exhausted; therefore, the merits may not be reached by this court. *Rose v. Lundy*, 455 U.S. 509 (1982) (holding that before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court). Exhaustion of Brown's remedies may be satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Appellate Court of Maryland (formerly the Court of Special Appeals). MD. CODE ANN., CRIM. PROC. § 7-109. If the Appellate Court denies the application, the claim is considered exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland (formerly the Court of Appeals). *Williams v. State*, 292 Md. 201, 210-11 (1981).

The law is well-settled that a petition setting forth claims that have not been exhausted in the state courts shall be dismissed without prejudice to afford the petitioner the opportunity to pursue available state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973); *see also Ali v. State of Florida*, 777 F.2d 1489 (11th Cir. 1985). Based on the record, it appears that Brown

has failed to exhaust the above-described state court remedies. Therefore, the court will dismiss the petition without prejudice.

The court cautions Brown that a one-year statute of limitations applies to this federal habeas petition. 28 U.S.C. § 2244(d).[3] The one-year period is tolled while properly filed post-conviction proceedings are pending in the appropriate court and may otherwise be equitably tolled, but the time during which this petition has been pending does not stay the limitations period. *Id.* § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

## IV.     Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v.*

---

[3]     This section provides:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

...

*McDaniel,* 529 U.S. 473, 484 (2000)).  Brown has not made such a showing but may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

For the reasons set forth herein, the petition shall be dismissed without prejudice by separate order.

January 23, 2024                                                      /S/

_____
Julie R. Rubin
United States District Judge